UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**JAMES BOLAND**, *et al.*,         )
                                    )
    **Plaintiffs,**  )
                                    )
    v.              )  Civil Action No. 11-1569 (ESH)
                                    )
**SHOUN-ALLEN MASONRY, INC.**,      )
                                    )
    **Defendant.**   )
_____)

## MEMORANDUM OPINION

Before the Court is plaintiffs' motion for entry of default judgment against defendant Shoun-Allen Masonry, Inc. (Mot. for Default Judgment, Nov. 20, 2012 [ECF No. 13].) For the reasons stated herein, the motion will be granted and judgment entered for plaintiffs and against defendant.

This case is an action for legal and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145. Defendant was served with the complaint on September 7, 2011. Defendant, through counsel, filed an answer on October 18, 2011 [ECF No. 8], and, on December 1, 2011, the Court held an Initial Scheduling Conference and entered a Scheduling Order [ECF No. 6]. After discovery closed on August 7, 2012, defendant's counsel moved to withdraw. (Mot. to Withdraw, Aug. 16, 2012 [ECF No. 8].) The Court granted the motion on August 27, 2012. (Order, Aug. 27, 2012 [ECF No. 9].) At that time, the Court advised defendant that before the next status conference it must "obtain new counsel since a corporation cannot legally proceed pro se" or plaintiffs would be able to move for a default

judgment.  (*Id.*)  Defendant did not appear at the status conference on September 27, 2012, and, to date, no counsel has entered an appearance on defendant's behalf.

After defendant failed to appear at the status conference, at the request of plaintiffs and pursuant to the Court's direction, the Clerk entered a default against defendant.  (Clerk's Entry of Default, Oct. 11, 2012 [ECF No. 5].)  Pursuant to the Court's order (*see* Minute Order, Nov. 7, 2012), plaintiffs filed their motion for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2) on November 20, 2012 and served a copy on defendant.  Ten days later, defendant has not responded to the motion nor moved to set aside the default.

The determination of whether default judgment is appropriate is committed to the discretion of the trial court.  *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980).  For default judgment, defendant must be considered a "totally unresponsive" party and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment.  *Gutierrez v. Berg Contracting Inc.*, No. 99-3044, 2000 WL 331721, *1 (D.D.C. March 20, 2000) (citing *Jackson*, 636 F.2d at 836).  Although defendant was initially represented by counsel, who filed an answer to the complaint, since counsel's withdrawal in August 2012, defendant has been totally nonresponsive, despite being given multiple opportunities by the Court.  Accordingly, given this record, the Court is persuaded that the standard for default judgment has been satisfied.  *Id.*

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain.  *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).  Pursuant to 29 U.S.C. § 1132(g)(2), the Court shall award plaintiffs: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) liquidated damages in an amount equal to the greater of (i) interest on the

unpaid contributions, or (ii) 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A); (D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and (E) such other legal or equitable relief as the court deems appropriate.  The Court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment. *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002).

Plaintiffs have filed the declarations of David F. Stupar, Executive Director of the Bricklayers & Trowel Trades International Pension Fund ("IPF" or "Fund") and an authorized representative to effect collections on behalf of the International Masonry Institute ("IMI"), and Ira R. Mitzner, Esq., in support of the motion for default judgment.  Based on the declarations, the Court finds that plaintiffs have established the total amount by defendant for unpaid contributions, interest, liquidated damages, attorney's fees and costs to be $243,446.58. (Stupor Decl. ¶¶ 9-17; Mitzner Decl. ¶¶ 7-25.)

Therefore, pursuant to 29 U.S.C. § 1132(g)(2), judgment will be entered for plaintiffs in the amount of $243,446.58.  A separate Order and Judgment will accompany this opinion.

**SO ORDERED**.

                                                         /s/
                                      ELLEN SEGAL HUVELLE
                                      United States District Judge

DATE:  November 30, 2012